# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. HEADEN,<br>Plaintiff,<br>v.<br>ADAME, et al.,<br>Defendants. | Case No. 1:26-cv-08103-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 11)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## BACKGROUND

Plaintiff Brian C. Headen is proceeding *pro se* in this 42 U.S.C. § 1983 action. As relevant here, on July 28, 2026, the United States District Court for the Northern District of California screened Plaintiff's complaint finding that Plaintiff had failed to state a cognizable claim. (ECF No. 4.) Plaintiff's claims were therefore dismissed without prejudice, and Plaintiff was granted leave to file an amended complaint within twenty-eight days of the date the order was filed. (Id.) Plaintiff did not file an amended complaint. On September 30, 2026, the Court granted Defendants' motion to transfer and transferred the action to the United States District Court for the Eastern District of California. (ECF No. 8.) Plaintiff was provided with a blank prisoner civil rights complaint form and a copy of the order. (Id.) Plaintiff did not file a first

amended complaint within the allotted time. On October 30, 2026, the Court ordered Plaintiff to show cause in writing why this action should not be dismissed for failure to prosecute within fourteen days from service of the order. (ECF No. 11.) More than fourteen days have passed and Plaintiff has not responded to the Court's order to show cause, nor has Plaintiff filed a first amended complaint.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff has neither responded to the Court's order to show cause, nor filed a first amended complaint. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Malone, 833 at 132-33. The Court's October 30, 2026 order expressly stated: "**Failure to comply with this order will result in a recommendation to a district judge to dismiss this action for failure to prosecute and/or failure to comply with a court order.**" (ECF No. 11, p. 2) (emphasis in original). Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's order.

**III.**

**RECOMMENDATION**

For the reasons discussed herein, IT IS HEREBY RECOMMENDED that this case be dismissed without prejudice for failure to prosecute this action, and/or failure to comply with the Court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

**fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Objections, if any, shall not exceed **fifteen (15) pages**. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 24, 2026**

STANLEY A. BOONE
United States Magistrate Judge